UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Yamasaki Korea Architects, Inc.,
a foreign corporation,

    Plaintiff/Counter-Defendant,

v.                                                  Case No. 08-10342

Yamasaki Associates, Inc., a Michigan        Honorable Sean F. Cox
corporation, *et al.*,

    Defendants/Counter-Plaintiffs.
_____/

## ORDER GRANTING
## MOTION FOR CLARIFICATION

      This case involves a dispute over architectural services provided on several different projects. The matter is currently before the Court on an unopposed Motion for Clarification filed by Defendants Yamasaki Associates, Inc. and Robert Szantner. The Court finds that the issues have been adequately presented in the parties' briefs and that oral argument would not significantly aid the decisional process. *See* Local Rule 7.1(e)(2), U.S. District Court, Eastern District of Michigan. The Court therefore orders that the motion will be decided upon the briefs. For the reasons below, the Court shall GRANT the motion in order to clarify that the arbitration provision requires the parties to arbitrate all claims relating to the Qatar Convention Project.

      On January 23, 2008, Plaintiff Yamasaki Korea Architects, Inc. ("Plaintiff") filed this action against the following Defendants: 1) Yamasaki Associates, Inc.; 2) Yamasaki International, Inc.; 3) Ted Ayoub ("Ayoub"); and 4) Robert Szantner ("Szantner")(collectively "Defendants"). Plaintiff's complaint asserts multiple counts.

1

Defendants/Counter-Plaintiffs have also asserted counterclaims against Plaintiff. The Counter-complaint does not contain any references, with respect to any of the counterclaims, to the Qatar Convention Project.

On August 6, 2008, Defendants filed a "Motion to Compel Arbitration of Plaintiff's Claims That Are Subject To An Enforceable Arbitration Agreement And To Stay Remaining Claims." (Docket Entry No. 18). In an Opinion & Order issued on November 17, 2008, this Court granted that motion in part and denied the motion in part. The Court's Opinion & Order states that the "Court shall grant the motion to the extent that the Court shall compel the parties to arbitrate all claims relating to the Qatar Convention Project because it is undisputed that the contract governing that project has an arbitration provision requiring the parties to arbitrate all claims relating to that project and because Defendants have not waived their right to arbitrate those claims." (11/17/08 Opinion & Order at 1). The Opinion & Order also specifically mentioned several counts that appear to be based upon, at least in part, the Qatar Convention Project: "The motion is GRANTED to the extent that the Court COMPELS the parties to arbitrate Plaintiff's breach of contract claim relating to the Qatar Convention Project (Count I of Plaintiff's Complaint) and, to the extent that they involve the Qatar Convention Project, also arbitrate those portions of Counts IV, V, and VI." (11/17/08 Opinion & Order at 8).

Following the close of discovery, on March 27, 2009, Defendants Yamasaki Associates, Inc. and Robert Szantner filed a motion seeking clarification of this Court's November 17, 2008 Opinion & Order.

In that motion, Defendants assert that Plaintiff's Counts VII through X also involve, at least in part, the Qatar Convention Project. Thus, Defendants ask the Court to clarify that, to the

2

extent that they involve the Qatar Convention Project, the Court's November 17, 2008 Opinion & Order also compels the parties to arbitrate those claims.

Plaintiff has not filed a brief in opposition to the Motion for Clarification.

Having reviewed the unopposed motion, the court hereby **GRANTS** the motion and **CLARIFIES** that its November 17, 2008 Opinion & Order compels the parties to arbitrate all claims relating to the Qatar Convention Project. Thus, to the extent that Counts VII through X of Plaintiff's complaint also involve the Qatar Convention Project, the Court's Opinion & Order compels the parties to arbitrate the portions of those claims that are based upon the Qatar Convention Project.

**IT IS SO ORDERED**.

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: June 16, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 16, 2009, by electronic and/or ordinary mail.

S/Jennifer Hernandez
Case Manager

3